## Joe Smith v. The State.

No. 20510.  Delivered October 25, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*John H. Beckenstein,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving an automobile on a public highway while intoxicated. The punishment assessed is confinement in the state penitentiary for a term of one year.

The only question presented by the record is the sufficiency of the evidence to justify and sustain the conviction. The record shows that on the evening of December 22, 1938, two patrolmen saw appellant driving on the highway leading from Vidor into Beaumont. They noticed that the car was zigzagging from one side of the highway to the other, and immediately stopped it and took appellant in charge. They stated that his breath carried the odor of whisky and that he was unsteady on his feet and talked incoherently. Appellant denied being drunk but admitted that from about 5:30 P. M. up to the time of his arrest he had taken three drinks of whisky. He attributed his manner of driving to a defective steering wheel. A lady who was with appellant at the time of his arrest testified that he was not drunk.

It will be noted that the evidence raised an issue of fact which the jury, who are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their testimony, decided adversely to appellant. We

deem the evidence sufficient to sustain the jury's conclusion of appellant's guilt.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

Appellant insists in his motion for rehearing that the evidence is insufficient to show that he was intoxicated at the time he drove his car on a public highway. We are unable to agree with this contention. We quote from the testimony of one of the arresting officers:

"I was stationed in Orange County on the 22nd of December, 1938. I know Joe Smith, the defendant. I saw him on or about December 22, 1938. I first saw Joe Smith right in the town of Vidor on State Highway No. 3 and U. S. Highway No. 90, which is the same. Mr. Smith was driving an automobile. We met Mr. Smith coming down the road darting from one side of the road to the other; so we stopped and let him get by and pulled around and stopped him. Mr. Bearden, a State Highway Patrolman, was with me; he works with me. Mr. Smith was going west, toward Beaumont, and we were coming toward Orange, headed east. Mr. Smith was driving his automobile darting from one side to the other, sort of zig zag. We stopped our automobile and turned around and come back and stopped him. Our investigation revealed that Mr. Smith was driving the car and he was drunk. Mr. Smith was under the influence of intoxicating liquor. I have had experience in observing men drunk and under the influence of intoxicating liquor. It is my opinion that the defendant was drunk on this occasion and driving an automobile. I base that opinion on the way he was going from one side of the road to the other, then his breath was very strong with whisky, and then his speech, the way he talked, trying to talk, and his action in getting around on foot, walking. Mr. Smith's speech was incoherent and his steps were not sure."

The other officer who participated in making the arrest testified, in part, as follows:

"I work in connection with Mr. A. S. Wier, and at present

I am stationed in Orange County, Texas, and was stationed here on or about the 22nd day of December, 1938. I saw Joe Smith (appellant) on or about that date on State Highway No. 3 and U. S. 90. We were travelling east and met a car that was travelling west that made a zig zag across the road; we pulled over a piece and turned around and went back down there and stopped it, and Mr. Smith and a lady was in the car; we got Mr. Smith out; he had been drinking something with alcohol in it, you could smell it on his breath; he couldn't hardly stand up, that is, he was topheavy, he would wobble. From my experience with drunks and with men under the influence of intoxicating liquor and observing their manner and demeanor, I would say the defendant in this case was drunk on that occasion. The defendant was driving an automobile here in Orange County, Texas. I took the defendant in my custody and Mr. Weir drove the lady down about the Shamrock Inn. I observed Mr. Wier driving the defendant's car. The car did not zig zag then in the same manner as when I saw the defendant driving it; Mr. Wier kept it on the right side of the road."

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.